# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE BOONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-158-AGF |
| | ) | |
| CITY OF ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented Plaintiff Willie Boone for leave to proceed *in forma pauperis* and for preservice review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Upon review and consideration of the financial information filed in support, the Court finds Plaintiff is unable to pay the filing fee and the motion to proceed *in forma pauperis* will be granted. After reviewing the complaint, however, it appears it should be dismissed prior to service of process. As a result, the Court will order Plaintiff to show cause why this case should not be dismissed.

## Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a self-represented litigant's complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

**The Complaint**

On February 5, 2021, Plaintiff filed the instant action on a Court-provided Civil Complaint form against the City of St. Louis. ECF No. 1. Under the section designated to assert his basis for jurisdiction, Plaintiff writes: "§1.01 Land Use Actions under Section 1983 of the Federal Civil Rights Act of 1871." Plaintiff also asserts diversity of citizenship stating he is a citizen of Illinois and the City of St. Louis is a citizen of Missouri.

Plaintiff alleges that on or around January 13, 2013 his "real property was damaged when the City of St. Louis hired a contractor to demolish 4151 Newstead, the building next door that

2

shared a common wall with [his] property 4153 Newstead." *Id.* at 5. Plaintiff seeks an award of $100,000 to compensate him for the injury caused to his property, an alleged theft after the building was damaged, loss of use of the property, and punitive damages.

## Discussion

In conjunction with its careful review of the instant complaint, the Court also reviewed Plaintiff's state court filings as they are reported on Case.net, Missouri's online case management system, and takes judicial notice of the relevant public records.[1]

Specifically, Case.net reveals that on January 31, 2017, the Plaintiff here filed a complaint in state court against three defendants, including the City of St. Louis. *See Boone v. City of St. Louis*, Case No. 1722-CC10891 (22nd Jud. Dist.) (hereinafter "*Boone I*"). Just as in the instant action before this Court, in *Boone I*, Plaintiff alleged he owned property located at 4153 Newstead; the City of St. Louis contracted for the demolition of adjoining property located at 4151 Newstead; and the demolition caused damage to a common wall as well as subsequent damage from a theft.

In *Boone I*, the City of St. Louis filed a Motion for Judgment on the Pleadings. On November 25, 2018, the trial court granted the City's motion concluding, "[t]here is no allegation of fact that if true establishes that Defendant City of St. Louis owned 4151 N. Newstead Ave. Furthermore, even if the Court were to infer that Defendant City of St. Louis owned 4151 N. Newstead Ave., Plaintiff fails to plead ultimate facts sufficient to establish each element of any exceptions to sovereign immunity." *See id.* (filed on Nov. 25, 2019). On January 24, 2020, Plaintiff filed a notice of appeal to the Missouri Court of Appeals. *See Boone v. City of St. Louis*, E.D. 108625 (Mo. App. E.D.). The appeal is pending.

---

[1] *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

It appears to the Court that Plaintiff is seeking to institute a new action against the City of St. Louis based on claims that have already been litigated in state court, which resulted in a judgment in the City's favor. If this is the case, then Plaintiff is precluded from bringing this action by the principle of res judicata. *E.g., Banks v. Int'l Union Elec., Elec, Technical, Salaried and Mach. Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004). To any extent that Plaintiff is seeking to have this Court void or overturn the state court decision, this Court lacks jurisdiction to do so. *Postma v. First Fed.Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996) ("Review of state court decisions may only be had in the Supreme Court."). As a result, Plaintiff shall show cause why this case should not be dismissed on the ground of res judicata.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**. [ECF No. 2].

**IT IS FURTHER ORDERED** that that Plaintiff shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why this case should not be dismissed on the ground of res judicata.

**IT IS FURTHER ORDERED** that if Plaintiff fails to comply with this Order, this case shall be dismissed.

Dated this 31st day of March 2021.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE