# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE BOONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-158-AGF |
| | ) | |
| CITY OF ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon self-represented plaintiff Willie Boone's response to the Court's March 31, 2021 Order to Show Cause. ECF No. 7. Having carefully reviewed plaintiff's response in its entirety, the Court finds that this action should be dismissed.

## Background

On February 5, 2021, plaintiff filed the instant action on a Court-provided Civil Complaint form against the City of St. Louis. ECF No. 1. Plaintiff alleges that, on or around January 13, 2013, his "real property was damaged when the City of St. Louis hired a contractor to demolish 4151 Newstead, the building next door that shared a common wall with [his] property 4153 Newstead." *Id.* at 5. Plaintiff seeks an award of $100,000 to compensate him for the injury caused to his property, an alleged theft after the building was damaged, loss of use of the property, and punitive damages. With his complaint, plaintiff filed a motion for leave to proceed in district court without prepaying fees or costs. ECF No. 2.

On March 31, 2021, the Court granted plaintiff's motion for leave to proceed *in forma pauperis* and reviewed the complaint pursuant to 18 U.S.C. § 1915. ECF No. 6. In reviewing plaintiff's complaint, the Court took judicial notice of his prior state court filings as they were

reported on Case.net, Missouri's online case management system.[1] The state court records revealed that plaintiff had previously filed a complaint against the City of St. Louis. *See Boone v. City of St. Louis*, Case No. 1722-CC10891 (22nd Jud. Dist.) (filed Jan. 31, 2017) (hereinafter "*Boone I*"). Similar to the instant action before this Court, plaintiff alleged he owned property located at 4153 Newstead; the City of St. Louis contracted for the demolition of adjoining property located at 4151 Newstead; and the demolition caused damage to a common wall as well as subsequent damage from a theft.

In *Boone I*, the City of St. Louis filed a Motion for Judgment on the Pleadings. On November 25, 2018, the trial court granted the City's motion concluding, "[t]here is no allegation of fact that if true establishes that Defendant City of St. Louis owned 4151 N. Newstead Ave. Furthermore, even if the Court were to infer that Defendant City of St. Louis owned 4151 N. Newstead Ave., Plaintiff fails to plead ultimate facts sufficient to establish each element of any exceptions to sovereign immunity." *See Boone v. City of St. Louis*, 2019 WL 7599125, at *1 (22nd Jud. Dist.). On January 24, 2020, Plaintiff filed a notice of appeal. On October 20, 2020, the Missouri Court of Appeals, Eastern District, affirmed the judgment of the trial court. *See Boone v. City of St. Louis*, No. ED 108265, 2020 WL 6140280 (Mo. Ct. App.). The appellate court's mandate was entered on April 7, 2021.

After reviewing the state court records, it appeared to this Court that plaintiff was seeking to institute a duplicative action against the City of St. Louis based on claims that had already been litigated in state court and resulted in a judgment in the City's favor. *See* ECF No. 6. If so, the Court noted that plaintiff would be barred by the principle of res judicata from bringing the instant

---

[1] *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

action. The Court further noted that, to any extent it was plaintiff's intention to have this Court void or overturn the state court decision, this Court lacked jurisdiction to do so. *See id.* (citing *Postma v. First Fed.Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996) ("Review of state court decisions may only be had in the Supreme Court.")). As a result, this Court directed plaintiff to show cause why this case should not be dismissed on the ground of res judicata.

On April 21, 2021, plaintiff filed a one-page response to this Court's March 31, 2021 Order to Show Cause. ECF No. 7. Within the response, plaintiff states that the Missouri Court of Appeals denied his request for a rehearing "to answer the question of ownership of [the] demolished property." *Id.* at 1. By denying his request for a rehearing on the ownership issue, plaintiff argues that he was denied "the full extent of the law and due process." *Id.* Plaintiff appears to argue that the appellate court was incorrect in determining that the City of St. Louis did not meet an exception to sovereign immunity. Plaintiff does not explicitly address the issue of res judicata but does attempt to distinguish the already litigated state case and the instant action as follows: "From another perspective my complaint is to ask the district court to review this complaint as to the nature of this suit as code 240 Torts to Land Action alleging trespass to land, nuisance, contamination or other unlawful entry on or interference with real property possessed by another. In my original filing the suit was based on trespass and negligence[.]" *Id.*

Attached to his complaint are 45 pages of documents related to the demolition of the property located adjacent to his on Newstead Avenue. ECF No. 7-1.

### Discussion

Because plaintiff is proceeding *in forma pauperis*, the Court is required to conduct an initial review of the case and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). "A case can be dismissed under 28 U.S.C. § 1915(e)

3

even if the action is barred by an affirmative defense." *Fields v. United Parcel Serv., Inc.*, No. 4:13-CV-2101 JCH, 2014 WL 636432, at *2 (E.D. Mo. Feb. 17, 2014) (citing *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992)).

The principle behind the doctrine of res judicata is that "[f]inal judgment on the merits precludes the relitigation of a claim on any grounds raised before or on any grounds which could have been raised in the prior action." *Poe v. John Deere Co.*, 695 F.2d 1103, 1105 (8th Cir. 1982) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). "Res judicata prevents the splitting of a single cause of action and the use of several theories of recovery as the basis for separate lawsuits." *Friez v. First Am. Bank & Trust of Minot*, 324 F.3d 580, 581 (8th Cir. 2003) (citing *Hartsel Springs Ranch v. Bluegreen Corp.*, 296 F.3d 982, 986 (10th Cir. 2002)). Invoking res judicata, *sua sponte*, is proper to avoid unnecessary judicial waste. *Hanig v. City of Winner, S.D.,* 527 F.3d 674, 678 (8th Cir. 2008).

The preclusive effect of a state court judgment is governed by the law of Missouri, the state in which the judgment was rendered. *See Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 804 (8th Cir. 2006). Under Missouri law, "a prior judgment bars a subsequent claim arising out of the same group of facts 'even though additional or different evidence or legal theories might be advanced to support the subsequent claim.'" *Id.* (quoting *Chesterfield Village v. City of Chesterfield*, 64 S.W.3d 315, 320 (Mo. 2002)). Missouri law tracks the Eighth Circuit in defining the prerequisites for res judicata. *See Bannum, Inc. v. City of St. Louis*, 195 S.W.3d 541, 544 (Mo. App. E.D. 2006). Res judicata applies where (1) the prior judgment was rendered by a court of competent jurisdiction, (2) the decision was a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases. *See id*. (citing

4

*Chesterfield Village*, 64 S.W.3d at 315 and *Biermann v. United States*, 67 F. Supp. 2d 1057 (E.D. Mo. 1999)).

After carefully reviewing the instant complaint, relevant public records from state court, and plaintiff's response to the Order to Show Cause, the Court finds that each of the factors necessary for res judicata to apply have been met in this case. In *Boone I*, plaintiff brought a three-count action for damages based in tort against the City of St. Louis. The Twenty-Second Judicial Circuit entered a judgment on the pleadings in favor of the City of St. Louis finding that his petition failed to establish the City of St. Louis was the owner of adjoining property and further failed to show an exception to the doctrine of sovereign immunity. This was a final judgment on the merits, which the Missouri Court of Appeals affirmed. *See Boone*, 2020 WL 6140280. *See also Adams v. City of Indianapolis*, No. 1:12-cv-01806, 2013 WL 5487897 *4 (Sept. 30, 2013 S.D. Ind..), *aff'd by Adams*, 742 F.3d 720 (7th Cir. 2014) (noting that the granting of a motion for judgment on the pleadings is a final judgment for res judicata purposes); *Atlas Sec. Servs., Inc. v. Git-N-Go, Inc.*, 728 S.W.2d 727, 729 (Mo. Ct. App. 1987) ("If a trial court sustains a motion for judgment on the pleadings, the judgment rendered may be a final appealable judgment.").

Additionally, the parties are the same in both cases, and both suits are based upon tort claims. Res judicata bars relitigation from the same "operative facts giving rise to one or more bases for suing" and applies "to every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at that time." *Chesterfield Village, Inc.*, 64 S.W.3d at 318 (quoting *King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 501 (Mo. 1991) (en banc)). The factual allegations presented in plaintiff's complaint before the state court are the same factual allegations he asserts in the complaint before this Court. Both actions involve the assertion that a

contractor hired by the City of St. Louis caused damage to plaintiff's property at 4153 N. Newstead Avenue when the contractor tore down a structure at 4151 N. Newstead Avenue.

The only discernible difference between the two pleadings is that plaintiff brought his state claims pursuant to the torts of negligence and trespass, while plaintiff explains in his response to the Show Cause Order that the instant action involves the torts of "trespass to land, nuisance, contamination or other unlawful entry on or interference with real property possessed by another." This is of no consequence. The current case involves the same facts, the same parties, and the same issues (or issues that could have been raised in his prior action). As such, res judicata precludes plaintiff's current action. *See, e.g.*, *Misischia v. St. John's Mercy Health Systems*, 457 F.3d 800, 804 (8th Cir. 2006) ("a prior judgment bars a subsequent claim arising out of the same group of operative facts even though additional or different evidence or legal theories might be advanced to support the subsequent claim"); *Brown v. Kansas City Live, LLC*, 931 F.3d 712, 715 (8th Cir. 2019) ("In order for a subsequent claim on the same transaction to be considered [a] separate [cause of action] . . . there must be new ultimate facts, as opposed to evidentiary details, that form a new claim for relief.") (quoting *Kesterson v. State Farm Fire & Cas. Co.*, 242 S.W.3d 712, 716 (Mo. 2008) (en banc)). Additionally, both parties had a full and fair opportunity to litigate the matter in the prior state court proceedings.

Plaintiff has asserted the same cause of action against the same party in federal court that he did in the state court, which had jurisdiction and entered a final judgment. Therefore, this suit is barred by res judicata.

Additionally, a federal district court is not an appellate court. As such, this Court does not have authority to review or alter a final judgment by a state court in judicial proceedings. In his response to the Show Cause Order, plaintiff appears to take issue with the fact that the Missouri

6

Court of Appeals denied his request for a rehearing and was incorrect in determining that the City of St. Louis did not meet an exception to sovereign immunity. These allegations constitute an indirect attempt to attack or undermine the state court judgments. However, appellate jurisdiction over state court decisions, even when the challenge to the state court's actions involves federal constitutional issues, lies exclusively in the United States Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Federal district courts do not have jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. Notably, here, the plaintiff has already appealed the circuit court's grant of the motion for judgment on the pleadings filed by the City of St. Louis, and the appellate court affirmed the judgment. *See Boone v. City of St. Louis*, No. ED 108265, 2020 WL 6140280, at *1 (Mo. Ct. App. Oct. 20, 2020). It is not within this Court's purview to second guess the circuit court or appellate court's rulings.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's complaint is **DISMISSED** as it is barred by the doctrine of res judicata.

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement his complaint with an exhibit [ECF No. 5] is **DENIED as moot**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 10th day of May 2021.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

7